NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE UNITED WELFARE FUND, et al., : CIVIL ACTION NO. 17-317 (JLL)

    Plaintiffs, : **OPINION & ORDER**

v. :

DODGE CHRYSLER JEEP OF PARAMUS, :

    Defendant. :

**LINARES, District Judge**

**IT APPEARING THAT:**

1. This is an action to collect the allegedly delinquent contributions that are owed by the defendant to certain employee benefit funds pursuant to the Employee Retirement Income Security Act. (See dkt. 1.)[1]

2. Currently pending before the Court is the plaintiffs' motion pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 55(b)(2) to enter default judgment against the defendant for an amount that is in excess of $102,000 (hereinafter, "the Plaintiffs' Motion"), and the defendant's cross motion pursuant to Rule 55(c) to set aside the default that has been entered against it (hereinafter, "the Defendant's Cross Motion").

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

(See dkt. 5 through dkt. 5-3; dkt. 6 through dkt. 6-3; dkt. 7 through dkt. 7-6; dkt. 12 through dkt. 12-3; dkt. 14 through dkt. 14-3; dkt. 15.)

3. The Court resolves the Plaintiffs' Motion and the Defendant's Cross Motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court:

   a) denies the Plaintiffs' Motion;

   b) grants the Defendant's Cross Motion;

   c) vacates the default that has been entered against the defendant; and

   d) directs the defendant to file either an answer or a dispositive motion within 21 days, if not sooner. See generally Fed.R.Civ.P. 12(a)(1)(A)(i).

4. The decision whether or not to set aside the entry of a default is within the discretion of the Court. See Farnese v. Bagnasco, 687 F.2d 761, 763–64 (3d Cir. 1982). The entry of a default judgment is disfavored, and decisions on the merits are to be encouraged. See id. at 764; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed.Appx. 519, 521–22 (3d Cir. 2006).

5. The Court finds that the plaintiffs will not be prejudiced if the default is set aside. See Farnese, 687 F.2d at 764. Even though the plaintiffs argue that the defendant has not met its contribution obligations, the plaintiffs have not argued that their ability to pursue their claims against the defendant will now be hampered. Furthermore, a review of the docket reveals that discovery has yet to be conducted.

6. The Court also finds that the defendant has presented a litigable defense in the action. See Farnese, 687 F.2d at 764. Indeed, the defendant certifies that it is actually not delinquent in making its contributions. (See dkt. 12-1 at 6–9; dkt. 12-2 at 3; dkt. 14-1 at 6–9; dkt. 14-2 at 3.)

7. The Court also finds that the entry of default was not caused by the culpable conduct of the defendant or its counsel, but was due to excusable neglect. See Farnese, 687 F.2d at 764. The defendant certifies that the delay was caused by a failure to connect with its counsel in a timely fashion due to miscommunication, vacations, and scheduling conflicts. (See dkt. 12-1 at 9–10; dkt. 12-2 at 2; dkt. 14-1 at 4–5, 9–10; dkt. 14-2 at 2.) In addition, the defendant appeared in the action within twelve days of the entry of the default against it. (Compare unnumbered docket entry following dkt. 4 (the entry of default, dated February 24, 2017), with dkt. 8 (the notice of appearance filed by counsel for the defendant, dated March 8, 2017).) Furthermore, in support of the Defendant's Cross Motion, the defendant has submitted a proposed answer to the plaintiffs' complaint. (See dkt. 12-2 at 10–20; dkt. 14-2 at 10–20.) Therefore, the Court finds that the defendant's earlier failure to appear in the action was neither willful nor in bad faith.

**FOR GOOD CAUSE APPEARING:**

IT IS THEREFORE on this ____8th____ day of May, 2017, **ORDERED** that the plaintiffs' motion to enter default judgment against the defendant **(dkt. 5)** is **DENIED**; and it is further

**ORDERED** that the defendant's cross motion to set aside the default that has been entered against it **(dkt. 14)** is **GRANTED**; and it is further

**ORDERED** that the default that has been entered against the defendant (unnumbered docket entry following dkt. 4) is **SET ASIDE**; and it is further

**ORDERED** that the defendant is granted leave, and directed, to separately file either an answer to the complaint or a dispositive motion within 21 days of the entry of this order.

_____
JOSE L. LINARES
United States District Judge

4